**Lionel CRAWFORD and Karen Crawford, Plaintiffs-Appellants,**

v.

**Ernest CHILDRESS, Defendant-Respondent.**

**No. 39188.**

Missouri Court of Appeals, St. Louis District, Division One.

March 21, 1978.

Howard, Singer & Meehan, Raymond Howard, Kenneth R. Singer, St. Louis, for plaintiffs-appellants

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, Mark F. Haywood, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

Appellants Lionel and Karen Crawford appeal from a judgment entered upon a jury verdict in favor of respondent Ernest Childress in the circuit court of the City of St. Louis. For reversal appellants argue that the trial court erred in giving respondent's contributory negligence instruction, thus allowing the issue of appellant Lionel Crawford's contributory negligence to be submitted to the jury. For the reasons discussed below, we disagree and accordingly affirm the judgment of the trial court.

Appellants brought this action against RX Delivery Service, Inc., and respondent for damages sustained as a result of an automobile accident. Before trial appellants dismissed their actions against RX Delivery Service, Inc. The accident oc-

curred at the intersection of Union Boulevard and Wells Avenue at 1:30 a. m. on October 18, 1972. Appellant Lionel Crawford (hereinafter referred to as appellant; Karen Crawford was not involved in the accident and sought damages for loss of consortium) was driving north on Union Boulevard; respondent was driving west on Wells Avenue. There were no passengers in either vehicle. It was raining at the time of the accident and the pavement at the scene was wet. At the time of the accident there was no stop sign, traffic signal or other traffic control device for northbound vehicles on Union at this intersection. There was, however, a stop sign for westbound traffic on Wells Avenue.

At trial appellant testified that he was driving north on Union Avenue in the lane next to the center line and, as he approached the intersection of Union Boulevard and Wells Avenue, was traveling approximately 25 miles per hour. At the time of the accident there were no other vehicles in the immediate area other than appellant's and respondent's cars. Appellant stated that, as he approached the intersection, he saw the headlight beams from a vehicle coming toward the intersection from the east on Wells (going west) and then saw respondent's car run into the intersection without stopping. Appellant further stated that when he first saw respondent's car, he sounded his horn and turned his steering wheel to the left to avoid respondent's car, but that respondent continued westward through the intersection and the two cars collided. Appellant testified that after the accident he talked with respondent and that respondent smelled of alcohol and looked "a bit dizzy."

Respondent admitted having two beers at some time between 8:30 p. m. and 1:00 a. m., on the night of the accident. Respon-

dent, however, testified that he was driving west on Wells and did stop at the stop sign at the intersection of Wells and Union. Respondent stated that a row of hedges prevented him from looking toward the south (the direction from which appellant's car approached the intersection) and, after his first stop at the stop sign, he drove into the intersection four to six feet and stopped again in the curb lane on Union. At this point respondent saw appellant's car heading north on Union in the lane next to the center line. According to respondent, appellant changed lanes, driving into the curb lane, and struck respondent's car. Respondent further testified that the speed limit on Union Boulevard at the time of the accident was thirty or thirty-five miles per hour, that appellant's car was going faster than thirty or thirty-five miles per hour when he first saw it, and that appellant approached the intersection at a speed of about fifty miles per hour.

Respondent offered a contributory negligence instruction,[1] alleging appellant had been driving at an excessive rate of speed. Appellant objected to this instruction at trial on the ground that there was no evidence of excessive speed. The jury verdict was returned in favor of respondent and against appellants. Appellants' motion for judgment or in the alternative for a new trial alleged there was no creditable evidence of contributory negligence and was overruled by the trial court. This appeal followed.

■ Appellants argue that the trial court erred in giving the contributory negligence instruction to the jury because there was no substantial evidence that appellant was driving at an excessive speed or that appellant's speed was the proximate cause of the accident. To decide whether respondent's contributory negligence instruction is

---

1. Instruction No. 5:
"Your verdict must be for defendant Ernest Childress on plaintiffs Lionel Crawfords' and Karen Crawford's claims for damages whether or not defendant Childress was negligent if you believe:
"First, plaintiff Lionel Crawford drove at an excessive speed, and

"Second, plaintiff Lionel Crawford was thereby negligent, and
"Third, such negligence of plaintiff Lionel Crawford directly caused or directly contributed to cause any damage plaintiffs Lionel Crawford and Karen Crawford may have sustained. (MAI 32.01, 17.01, 17.03)"

supported by substantial evidence, we consider the evidence in the light most favorable to respondent and disregard all unfavorable evidence, *e. g., Hood v. Heppler*, 503 S.W.2d 452, 455 (Mo.App.1973); *citing Janicke v. Hough*, 400 S.W.2d 645 (Mo.App. 1966). The issue of negligence, in this case contributory negligence, based upon excessive speed may be proved either by direct testimony or by proving facts which are of such a nature and so related that the conclusion of excessive speed may be reasonably inferred, *e. g., Russell v. Kotsch*, 336 S.W.2d 405, 409 (Mo.1960); *Powell v. Watson*, 526 S.W.2d 318, 326 (Mo.App.1975). Unlike the *Powell* case in which there was no testimony by a witness as to the speed of the car involved, in the present case respondent testified that appellant's car was going faster than the speed limit, which respondent believed to be thirty or thirty-five miles per hour, and was approaching the intersection at fifty miles per hour. There was additional testimony that it was raining at the time of the accident and that the pavement at the scene was wet. After reviewing the record, we believe there was substantial evidence to support a reasonable inference of excessive speed, *e. g., Powell v. Watson*, 526 S.W.2d 318, 326 (Mo.App.1975); *cf., Kratzer v. King*, 401 S.W.2d 405, 407 (Mo.1966) (failure to keep a careful lookout). Therefore, the trial court did not err in giving the contributory negligence instruction to the jury.

 Appellant also argues that the trial court erred in giving the contributory negligence instruction because there was no evidence of proximate cause. It is, however, unnecessary to consider this allegation of error because it was not properly preserved for review. The specific theory of appellants' objection to the contributory negligence instruction at trial and in the motion for judgment or for a new trial was that there was no evidence of excessive speed; appellants' brief on appeal advances another theory of objection, lack of proof of proximate cause. Appellant may not urge instruction errors on appeal that differ from and were not included in the specific objections made to the trial court, whether

before submission of the case to the jury or in the motion for new trial. Rules 78.07, 84.13(a), V.A.M.R.; *e. g., Helming v. Adams*, 509 S.W.2d 159, 168 (Mo.App.1974); *Robinson v. St. John's Medical Center*, 508 S.W.2d 7, 11 (Mo.App.1974).

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.