No. 59,377

STATE OF KANSAS, *Appellant,* v. MICHAEL R. ROMAN, *Appellee.*

(731 P.2d 1281)

Opinion filed January 16, 1987.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Michael D. Wilson,* of Wilson, Warner and Skinner, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: The district court dismissed charges against defendant Michael R. Roman for the offenses of possession of cocaine after a previous conviction (K.S.A. 65-4127a) and possession of marijuana after a previous conviction (K.S.A. 65-4127b[a][3]) on the ground defendant's statutory right to a speedy trial (K.S.A. 22-3402[2]) had been violated. The State appeals this dismissal as a matter of right pursuant to K.S.A. 22-3602(b)(1).

K.S.A. 22-3402(2) provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

The following chart summarizes the pertinent events chronologically and focuses on the area of dispute:

| DATE(S) | EVENT | NO. OF DAYS | CHARGEABLE TO: STATE | DEFENDANT | DIS- PUTED |
|---|---|---|---|---|---|
| 1. 2/7/84 to 4/2/84 | Arraignment; case set for jury trial calendar of 4/2/84. | 55 | 55 | 0 | No |
| 2. 4/2/84 to 6/15/84 | On day of scheduled jury trial, defendant waives a jury. Trial continued to 6/22/84 for bench trial. Defendant's motion to suppress evidence filed 6/7/84 and set for hearing 6/15/84. | 74 | 0 | 74 | No |
| 3. 6/15/84 to 6/22/84 | Motion heard by Judge Keith Sanborn and taken under advisement until trial date (6/22/84). | 7 | 0 | 7 | No |
| 4. 6/22/84 to 12/18/84 | Judge Sanborn hears further oral argument (6/22/84) on motion to suppress; directs parties to file briefs (no briefing schedule set and trial not rescheduled). Decision granting suppression motion sustained 12/18/84. | 179 | ? | ? | 179 |
| 5. 12/18/84 to 12/21/84 | Delay in State filing interlocutory appeal. | 3 | 3 | 0 | No |
| 6. 12/21/84 to 1/30/86 | Interlocutory appeal through receipt of mandate which reversed district court's sustaining of motion to dismiss. | | N/A | N/A | |
| 7. 1/30/86 to 3/14/86 | Upon receipt of mandate, trial set for 3/14/86. Motion to dismiss for violation of statutory right of speedy trial sustained 3/14/86. | 43 | 43 | 0 | No |
| | TOTALS | 361 | 101 | 81 | 179 |

It is agreed 361 days of "chargeable" time elapsed between date of arraignment (February 7, 1984) and date of dismissal (March 14, 1986). This figure excluded the period of time the Court of Appeals had jurisdiction of the case during the interlocutory appeal. The 101 days chargeable to the State and 81 days chargeable to defendant are not in any serious dispute herein. The bone of contention is the 179 days Judge Keith Sanborn had the motion to suppress under advisement following the June 22, 1984, scheduled trial date. The district court (Judge Watson) held the entire 179 days was chargeable to the State, making the total time charged to the State 279 days—well over the 180-day limit contained in K.S.A. 22-3402(2). The State argues this was improper as: (1) it was defendant's motion that triggered this delay; and (2) judicial delay in deciding a motion is not the fault of the State within the purview of K.S.A. 22-3402(2). We do not agree.

At the close of the June 15, 1984, hearing on the suppression motion, Judge Sanborn indicated he was aware of the June 22, 1984, trial date and would decide the motion prior to trial. On June 22, 1984, there was no trial. Instead, Judge Sanborn heard further oral arguments on the motion. He directed counsel to submit briefs with no fixed briefing schedule and an indication counsel should take all the time they needed for this. No new trial date was set. For almost six months the case floated in the system. From time to time the court would contact counsel and request the submission of additional briefs on questions raised by the court with no hint of a briefing schedule or of a future trial date. K.S.A. 22-3402(2) grants the right to a defendant on bond to be brought to trial within 180 days unless a delay is chargeable to the application or fault of the defendant. Procrastination, whether it be prosecutorial or judicial, is not the fault of a defendant and should not be charged to him or her. It is true that the State, in exasperation, finally complained to the administrative judge of the Eighteenth Judicial District on December 6, 1984, and this action resulted in the December 18, 1984, decision. But this can hardly be said to absolve the State, collectively speaking, and transfer all fault for the 179-day delay to the defendant. The fact that it was the defendant's motion that the judge was incubating rather than the State's has no bearing on the issue before us. Any party filing a motion has a right to assume it will be acted upon expeditiously after submission. The judge herein had the matter under advisement seven days before the 179-day period began. If the motion to suppress had been filed at the end of the 180-day statutory speedy trial period, a reasonable time (at most two or three weeks) for decision might well be charged to a defendant under appropriate circumstances. In this case, we need not determine what a reasonable time for decision would have been. In order to bring the case within the 180-day provision, 100 days of the delay in making the decision would have to be charged to the defendant. This we cannot do.

We conclude the district court (Judge Watson) did not err in dismissing the charges herein for failure to bring the defendant to trial within the 180-day limit of K.S.A. 22-3402(2).

The judgment is affirmed.

ALLEGRUCCI, J., not participating.