No. 62,278

STATE OF KANSAS, *Appellee*, v. NOLAN PREWETT, *Appellant*.

(785 P.2d 956)

 Opinion filed January 19, 1990. 

*Lisa Nathanson,* of Washburn Law Clinic, of Topeka, argued the cause and *Jessica R. Kunen,* chief appellate defender, and *Carol Gilham,* special appellate defender, were with her on the briefs for appellant.

*Randy M. Hendershot,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a criminal action wherein Nolan Prewett directly appeals from his convictions after a trial to the court. Prewett was convicted of the following offenses: two counts of first-degree murder, K.S.A. 21-3401; two counts of aggravated kidnapping, K.S.A. 21-3421; two counts of aggravated criminal sodomy, K.S.A. 21-3506; two counts of rape, K.S.A. 21-3502; and two counts of enticement of a child, K.S.A. 21-3509. Prewett was sentenced to life imprisonment on each count of murder and aggravated kidnapping. For aggravated sodomy and rape, Prewett was sentenced to not less than fifteen years nor more than life on each count. Finally, Prewett was sentenced to not less than three nor more than ten years for each of the two counts of enticement of a child. The sentences on the two counts of murder are to be served consecutively and all other sentences are to run concurrently with the murder sentences. The district court suspended execution of the sentences and Prewett was committed to the Larned State Security Hospital in lieu of imprisonment pursuant to K.S.A. 22-3430.

The facts are that on July 19, 1986, Pamela Mahomes, who lived at 1530 Tyler, Topeka, Kansas, reported to the Topeka Police Department that her three-year-old daughter, Shavon, and six-year-old daughter, Shannon, were missing. A neighborhood search for the young girls proved fruitless. Two neighborhood children told police they had last seen Shavon and Shannon on Nolan Prewett's porch at 1524 Tyler. The children stated Prewett stood in the open front door, with his hands behind his back, talking with the girls. Ultimately, a search warrant for Prewett's residence was issued on July 20, 1986. Police officers discovered the bodies of Shavon and Shannon in Prewett's basement stuffed between a furnace and stud wall. Prewett and another individual

in the house, David Howard, were arrested and charged with the sexual violations and deaths of the Mahomes girls. David Howard was tried and acquitted.

On January 27, 1987, Prewett filed a motion to quash the search warrant and suppress evidence, alleging a lack of probable cause to issue the warrant. Prewett also filed a motion to dismiss on the grounds of denial of a speedy trial. The trial court denied both motions. Prewett waived a jury trial, and a bench trial was held October 20, 1987. Prewett was found guilty of the crimes charged and sentenced, and execution of the sentences was suspended for Prewett's commitment to Larned State Security Hospital. Prewett appeals.

Prewett first contends the trial court erred in failing to dismiss charges against him as a result of the violation of his right to a speedy trial. K.S.A. 22-3402 provides:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

Subsection (3) extends the time for trial beyond the 90-day limitation in the following circumstances:

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

"(a) The defendant is incompetent to stand trial;

"(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section."

Prewett was in custody from the time of his arraignment, August 28, 1986, until his trial, October 20, 1987; a total of 418 days. The pertinent dates are as follows:

| | |
|---|---|
| August 28, 1986 | Prewett's arraignment. |
| October 16, 1986 | Prewett's motion to determine competency to stand trial and notice of intent to rely upon insanity defense; trial court order to transport Prewett to Larned State Hospital. |

| December 31, 1986 | Trial court received competency report from Larned State Hospital. |
| January 7, 1987 | Prewett's motion for competency hearing filed. |
| January 27, 1987 | Prewett's motion for competency hearing granted and hearing date set. |
| February 20, 1987 | Trial court determines Prewett incompetent to stand trial and orders transfer to Larned State Hospital. |
| July 29, 1987 | Trial court received competency report from Larned State Hospital. |
| August 11, 1987 | Prewett's second motion for competency hearing filed. |
| September 3, 1987 | Trial court accepts Prewett's waiver of hearing and stipulation to competency. |
| September 11, 1987 | Trial court grants Prewett's motion for trial setting of October 19, 1987. |
| October 20, 1987 | Trial. |

It is the State's obligation to ensure that the accused who is in custody is provided with a speedy trial. *State v. Fink,* 217 Kan. 671, 679, 538 P.2d 1390 (1975). Delays which are the result of application or fault of the defendant, however, are not to be counted in computing the 90-day statutory period. *State v. Warren,* 224 Kan. 454, 456, 580 P.2d 1336 (1978). Clearly, Prewett is properly charged with the 76-day delay from October 16, 1986, to December 31, 1986, the period between Prewett's motion for a competency evaluation and the trial court's receipt of that evaluation. Prewett is also charged with the delay from January 27, 1987, when his motion for competency hearing was granted, to July 29, 1987, the date the trial court received the competency report from Larned State Hospital, a total of 183 days. The delay from August 11, 1987, when Prewett filed a second motion for a competency hearing, to September 3, 1987, when the trial court found him competent to stand trial, is also charged to Prewett, a total of 23 days. The 77 days charged to the State and 321 days charged to Prewett are not in serious dispute.

Prewett contends, however, that the 20-day period between January 7, when he filed a motion for a competency hearing, and

January 27, when the trial court granted his motion and set a hearing date, is chargeable to the State in computing the statutory period. Prewett argues he neither caused nor consented to a delay by the filing of a motion for a competency determination. For support, Prewett relies upon our recent decision in *State v. Roman,* 240 Kan. 611, 731 P.2d 1281 (1987).

In *Roman,* the trial court held defendant's motion to suppress evidence under advisement for 179 days. 240 Kan. at 612. We found that it was not error to charge the entire 179-day delay to the State and recognized that any party filing a motion has a right to assume it will be acted upon expeditiously. 240 Kan. at 613.

We do not agree, however, with Prewett's contention that *Roman* controls the present case. *Roman* dealt with a motion to suppress, unlike the motion to determine competency in the instant case. We stated in *Roman* that judicial procrastination was not the defendant's fault and should not be charged to him. Prewett, however, fails to acknowledge our additional statement that a reasonable time, two to three weeks, for a judicial decision on the motion might well be chargeable to the defendant under appropriate circumstances. Furthermore, in *Roman,* the 7-day period between the defendant's motion to suppress and the hearing on the motion was found properly chargeable to the defendant. 240 Kan. at 612-13. Therefore, we find Prewett's reliance upon *Roman* meritless.

In *State v. Powell,* 215 Kan. 624, 527 P.2d 1063 (1974), we determined the period of time between filing a motion for psychiatric examination pursuant to an insanity defense and the receipt of the report by the trial court was a delay caused by the defendant's application. Thus, the resultant delay fell within the statutory exception and was charged to the defendant. 215 Kan. at 625.

This court rejected an argument in *State v. Warren,* 224 Kan. 454, that the defendant caused delay when he moved for a psychiatric examination and then failed to obtain a judicial determination. However, we did state "the time between filing of a motion for a psychiatric examination and the date on which the psychiatrist's report are received are properly chargeable against the defendant." The court determined this principle applies in

connection with an insanity defense or a competency determination. 224 Kan. at 456-57.

Furthermore, we note the argument set forth by the defendant in *State v. Maas*, 242 Kan. 44, 744 P.2d 1222 (1987), in which the defendant contended the filing of a notice of intent to rely on an insanity defense was not an application by him causing delay since he did not take any affirmative step to delay trial. We ruled, however, that any delays reasonably attributable to the insanity defense were properly chargeable against the defendant. Thus, the 64 days between the filing of the notice of intent to rely on the insanity defense and the receipt of the defense evaluations were charged to the defendant. 242 Kan. at 48-51.

Finally, we recognize that the cases relied upon above encompass the theory of law set forth in K.S.A. 22-3302, which provides in part:

"If, upon the request of either party or upon the judge's own knowledge and observation, the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial *the proceedings shall be suspended* and a hearing conducted to determine the competency of the defendant." K.S.A. 22-3302(1). (Emphasis added.)

In light of the statutory authority and above case law, we find no error in charging Prewett with the 20-day delay caused by his filing of a motion for a competency hearing. The trial court acted within a reasonable amount of time in granting the motion to determine competency. Deducting the 341 days attributed to Prewett, the defendant was brought to trial within 77 days of arraignment. Clearly, there was no violation of his right to a speedy trial and Prewett's motion for discharge was properly overruled.

Prewett next argues the trial court erred in failing to hold a suppression hearing and in denying his motion to suppress evidence.

A search warrant was issued July 20, 1986, authorizing the search of Prewett's residence at 1524 Tyler. This warrant was based upon the affidavit of a Topeka police detective and other police reports. The affidavit in question provided the following information:

"1. On July 20, 1986, two young black girls were reported missing by their mother. The girls were Shavon and Shannon Mahomes, ages 6 and 3. A copy of the Topeka Police Department's reports filed with regard to the two missing girls is attached hereto and incorporated by reference herein as though set out in full.

"2. The girls who live at 1530 Tyler, Topeka, Kansas, were last seen at about 8:00 p.m. by their mother. After being questioned by police, Norman Carter, age 7, and his sister Jacquiline Carter, age 9, who live at 1525 Tyler, told police they had last seen the two Mahomes girls on the front porch of Norman [sic] Prewett at 1524 South Tyler.

"3. Norman [sic] Prewett was questioned by police and denied any knowledge of the girls being on his front porch. The Carter children say the girls were on Prewett's front porch and Prewett was standing in the open front door with his hands behind his back, talking with the Mahomes girls.

"4. An extensive neighborhood search using police cars, foot searches and the TPD helicopter failed to locate the two Mahomes girls.

"5. An employee of the VA Hospital, Roger Beech, told me that Norman [sic] Prewett had been released from the VA Hospital on July 11, 1986, and his records with the hospital showed that he had a history of child molesting, hears voices that tell him to do things, and has shot and eaten a dog.

"6. Prewett told officers that the two missing girls had ridden past his residence on their tricycles and had talked with him from the sidewalk. He denied the two girls were ever on his porch as reported by the Carter children. Police looked on the main floor of Prewett's residence and in his garage for the two girls with Prewett's consent, however, the cursory search did not turn up the two girls or clues to their whereabouts. Officers did not look in other portions of the residence.

"7. The Carter children had pushed the Mahomes girls' tricycles home from a vacant lot north of Prewett's residence.

"8. Police officers have been watching the front and rear of Prewett's residence off and on during the evening of the 19th and the morning of the 20th and Prewett has not left the residence since he first talked to officers."

Before a warrant may be issued, there must be a finding of probable cause by a neutral and detached magistrate supplied with sufficient factual information to support an independent judgment that probable cause exists. *State v. Abu-Isba*, 235 Kan. 851, 853, 685 P.2d 856 (1984).

In *Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983), the United States Supreme Court directed that a magistrate's determination of probable cause should be paid great deference by reviewing courts, and that it is the duty of the reviewing court to ensure that the magistrate had a substantial

basis for concluding that probable cause existed. The *Gates* court further stated that a determination of probable cause should be based upon the totality of circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of persons supplying hearsay information. 462 U.S. at 236-39. The totality of circumstances approach has been approved by this court. *State v. Walter*, 234 Kan. 78, 81, 670 P.2d 1354 (1983); *State v. Rose*, 8 Kan. App. 2d 659, 663, 665 P.2d 1111, *rev. denied* 234 Kan. 1077 (1983).

Prewett contends sufficient probable cause was lacking in the affidavit offered to support issuance of the search warrant. He argues there was insufficient information within the affidavit to show a fair probability that evidence of a crime against the Mahomes girls would be found in his residence. Prewett also alleges the information that the girls were on his porch and that he was standing in the open front door with his hands behind his back is hearsay. In the same manner, Prewett argues the information that he had a history of child molesting and mental illness was also hearsay without any showing of reliability, and thus was insufficient for making a decision that probable cause existed.

Prewett's argument is without merit. The affidavit reveals that two girls were missing and had not been found after a search. The missing girls were last seen by two children, ages 7 and 9, while standing on Prewett's porch as Prewett stood in the open doorway. Further, police discovered Prewett had recently been a patient at the VA Hospital and had been told by a named employee of that hospital that Prewett's hospital record showed a history of child molestation.

The affidavit is not invalid for failure to establish the veracity and basis of knowledge of persons supplying the hearsay information. Rather, these are only two factors to be considered in light of the totality of the circumstances. *State v. Walter*, 234 Kan. at 81. In the present case, it is the information that Prewett had a history of child molestation and his lying about having talked to the missing girls on his porch which establishes a fair probability they might be found in his residence. This information was supplied by a named employee of the VA Hospital. In *State v. Hays*, 221 Kan. 126, 557 P.2d 1275 (1976), this court stated the reliability of an identified citizen informer need not be es-

tablished in the same manner as an unidentified informant, and that, for probable cause purposes, it was enough that the police officer received his information from someone whom it seemed reasonable to believe was telling the truth. 221 Kan. at 129.

Furthermore, a presumption of validity attaches to an affidavit which supports a search warrant. *State v. Jacques,* 225 Kan. 38, 43, 587 P.2d 861 (1978). An exception to this presumption is warranted, however, when the challenger attacks matters within the affidavit and offers proof that the affidavit contains material statements of deliberate falsehood or of reckless disregard for the truth. 225 Kan. at 43-44; see *Franks v. Delaware,* 438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). In *State v. Lockett,* 232 Kan. 317, Syl. ¶ 1, 654 P.2d 433 (1982), we stated:

"Generally a party against whom a search warrant is directed may not dispute the matters alleged in the supporting affidavit or application. An exception to this general rule is recognized if the challenger's attack is supported by allegations and an offer of proof under oath that the affidavit or application for a search warrant contains material statements of deliberate falsehood or reckless disregard for the truth, or deliberate omissions of material facts."

In the instant case, Prewett does not contend that the information supplied to police officers was false, nor does he offer proof that information is false. Rather, he argues the sufficiency of the evidence. Prewett contends a single entry in past hospital records of an allegation of child molestation is insufficient to link him to the disappearance of the two Mahomes girls. Viewed in light of the totality of circumstances, however, we find this information, together with the other information supplied in the affidavit, provided a substantial basis for determining probable cause existed to believe evidence of the Mahomes girls' disappearance would be found in Prewett's residence. Therefore, we conclude the trial court did not err in denying Prewett's motion to suppress evidence seized pursuant to a lawful search warrant.

We also conclude there was no error in denying Prewett's motion for a suppression hearing. A defendant is not entitled to a suppression hearing unless he offers proof the affidavit for a search warrant contains statements of deliberate falsehood or reckless disregard for the truth. *State v. Jacques,* 225 Kan. at 44. Here, Prewett does not deny the existence of an entry upon his

hospital records indicating allegations of child molestation. Therefore, he is not entitled to a suppression hearing.

The judgment of the trial court is affirmed.