No. 72,193

CITY OF DODGE CITY, KANSAS, *Appellant*, v. GREGORY A. DOWNING, *Appellee*.

(894 P.2d 206)

Opinion filed April 21, 1995.

*Terry J. Malone*, city attorney, argued the cause and was on the brief for appellant.

*Leslie Phelps Hess*, of Patton, Kerbs & Hess, of Dodge City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The City of Dodge City (City) appeals from an order of the district court dismissing a criminal case against Gregory A. Downing on the grounds that the case was not brought to trial within the 180 days required by K.S.A. 22-3402(2). The City contends that the court erred by failing to deduct 30 days occasioned by the defendant's motion for suppression of evidence. We agree, and reverse and remand for further proceedings.

The facts in this case are not disputed. The parties have entered into the following agreed statement of facts pursuant to Supreme Court Rule 3.05 (1994 Kan. Ct. R. Annot. 20):

"The defendant, Gregory A. Downing, was charged on February 28, 1993, in the Municipal Court of the City of Dodge City, having violated the City Or-

dinance against driving a motor vehicle under the influence of alcohol. On March 19, 1993, he pleaded not guilty and was tried by the City Judge of the City of Dodge City on October 20, 1993. The City Judge found the defendant guilty of driving a motor vehicle under the influence of alcohol.

"The defendant appealed his conviction by filing a Notice of Appeal in the District Court of Ford County, Kansas, on November 2, 1993.

"A pretrial conference was held on December 20, 1993, in front of District Judge Daniel L. Love. At that time, the defendant moved the Court to suppress the Intoxilyzer-Alcohol Analyzer test results obtained from the defendant by the Dodge City Police Department on February 28, 1993.

"Judge Love ordered the parties to submit briefs on the issue of whether the Intoxilyzer test results should be suppressed. Judge Love ordered that those briefs be filed with the court by January 5, 1994. Both the plaintiff and the defendant filed their briefs with the Court, and the Court took the defendant's Motion under advisement.

"On April 4, 1994, the District Judge entered his ruling, denying the defendant's Motion to Suppress the Intoxilyzer test results.

"On April 19, 1994, the City of Dodge City, through its attorney, Terry J. Malone, requested the District Court to schedule the case for trial. On April 25, 1994, the parties received notice that the District Court ordered the case be tried on April 29, 1994. The City Prosecutor orally informed the Court and the defense attorney that he would be unavailable for trial on April 29, 1994, and that the matter would have to be continued. The City Prosecutor contacted Judge Love on or about April 27 to inform him that he would not be available on April 29 for trial. The City Prosecutor informed Judge Love that he had informed attorney Leslie Hess of his unavailability and would be needing a continuance. Judge Love ordered a continuance based upon the status of the Court's docket which was incorrect. The continuance was at the request of the City Prosecutor.

"The actual reason for the continuance was the unavailability of the City Prosecutor to be at trial on April 29, 1994, and the City Prosecutor requested the continuance to May 25, 1994. The continuance was not because of other cases pending for trial on the Court's docket.

"On May 6, 1994, the defendant filed his Motion to Dismiss with the District Court. As grounds for the Motion for Dismissal, the defendant alleged that he had not been brought to trial within 180 days pursuant to K.S.A. 22-3402.

"On May 13, 1994, the District Court Judge Daniel L. Love convened a hearing to hear arguments concerning the defendant's Motion to Dismiss. On May 13, 1994, the District Court Judge entered his ruling that the defendant was denied a speedy trial, and that the charge of driving under the influence of alcohol should be discharged.

"On May 23, 1994, the City of Dodge City filed its Motion for Reconsideration and District Judge Daniel L. Love convened a hearing on May 27, 1994, to hear arguments on the Motion for Reconsideration. After hearing oral argu-

ments, the Court found that its previous ruling that the defendant was denied a speedy trial be affirmed."

There is no dispute that the time taken to bring the defendant to trial was 204 days. The City argues that the district court erred by not charging the defendant with the time from the date of filing of his motion to suppress until the time set by the court for filing of briefs on the motion, a total of 16 days. The City also argues that the defendant should be charged with a reasonable period of time for the trial court to consider and resolve the motion to suppress. We agree and conclude that the 16 days, as well as 14 days for the court to resolve the defendant's motion, are attributable to the defendant. The deduction of 30 days occasioned by application of the defendant establishes that on May 25, 1994, the scheduled trial date, he would have been brought to trial in 174 days, well within the dictates of K.S.A. 22-3402(2).

K.S.A. 22-3402(2) states:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, *unless the delay shall happen as a result of the application or fault of the defendant,* or a continuance shall be ordered by the court under subsection (3)." (Emphasis added.)

While the State has an obligation to insure that an accused is provided a speedy trial, delays which "happen as a result of the application or fault of the defendant" are not counted in computing the statutory speedy trial period under K.S.A. 22-3402(2). See *State v. Green,* 254 Kan. 669, 672, 867 P.2d 366 (1994).

When a defendant, as in this case, files a motion to suppress evidence, any delay caused by the filing of the motion is necessarily the result of the application of the defendant. Under a plain reading of the statute, a reasonable time taken by the parties and the court to process the defendant's motion to suppress should be charged to the defendant. This is the rule in Kansas as well as in many other jurisdictions. See *State v. Prewett,* 246 Kan. 39, 785 P.2d 956 (1990); *State v. Roman,* 240 Kan. 611, 731 P.2d 1281 (1987). See also *Saffold v. State,* 521 So. 2d 1368, 1371 (Ala. Crim. App. 1987); *Smith v. State,* 303 Ark. 524, 525, 798

S.W.2d 94 (1990); *People v. Cabrera*, 188 Ill. App. 3d 369, 371, 544 N.E.2d 439 (1990); *State v. Blount*, 519 So. 2d 153, 154 (La. App. 1987); *State v. Sorensen*, 243 Mont. 321, 331, 792 P.2d 363 (1990); *State v. Oldfield*, 236 Neb. 433, 439, 461 N.W.2d 554 (1990).

In *Roman*, we found that the six months it took the district court judge to decide a motion to suppress were not chargeable to the defendant. 240 Kan. at 613. In doing so, we noted that procrastination, whether it is prosecutorial or judicial, is not the fault of the defendant and that any party filing a motion has a right to assume that it will be acted upon expeditiously. 240 Kan. at 613. We also noted, however, that "[i]f the motion to suppress had been filed at the end of the 180-day statutory speedy trial period, a reasonable time (at most two or three weeks) for decision might well be charged to a defendant under appropriate circumstances." 240 Kan. at 613.

In *State v. Prewett*, 246 Kan. 39, 43, 785 P.2d 956 (1990), we stated: "Furthermore, in *Roman*, the 7-day period between the defendant's motion to suppress and the hearing on the motion was found properly chargeable to the defendant." Actually, we did not specifically make such a finding in *Roman*, but instead simply noted that neither party disputed that the seven days were chargeable to the defendant. 240 Kan. at 612. Nevertheless, because a motion to suppress is filed at the urging of the defendant, the time between the filing of the motion and the time set by the court for submission of briefs, provided this is not an unreasonable period of time, is properly chargeable to the defendant.

Not all of the time taken by the court to rule on the motion to suppress should be chargeable to the defendant. Instead, when the motion is taken under advisement for a long period of time, only a reasonable time, *i.e.*, no longer than two to three weeks, should be properly chargeable to the defendant. See *State v. Roman*, 240 Kan. at 613. We conclude that here the two weeks during which the defendant's motion to suppress was taken under advisement should be chargeable to the defendant. Moreover, the 16 days granted the parties to file briefs on the defendant's motion

to suppress should also be charged to the defendant. Both periods of time are delays which happened as a result of the application of the defendant under K.S.A. 22-3402(2). A deduction of 30 days attributable to the defendant demonstrates that the defendant would have been brought to trial within the statutory period.

Reversed and remanded with directions to reinstate the complaint.