(283 P.3d 236)
No. 106,388

STATE OF KANSAS, *Appellant*, v. DAVID ALLEN GILL, II,
*Appellee*.

Opinion filed August 17, 2012.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before STANDRIDGE, P.J., MARQUARDT and ARNOLD-BURGER, JJ.

STANDRIDGE, J.: The district court dismissed a felony theft charge against David Allen Gill, II, based on its finding that the State violated Gill's right to a speedy trial under the Sixth Amendment to the United States Constitution. On appeal, the State argues the facts in this case do not support the district court's decision in this regard. We are persuaded by the State's argument and therefore reverse the order of dismissal and remand with directions to reinstate the felony theft charge against Gill.

## FACTS

On July 11, 2008, Kirstin Nelson complained to Topeka police that her ex-boyfriend, Gill, stole several items from her while he was babysitting their children inside her residence. Specifically, Nelson told the responding officer, Officer Michael Isaman, that Gill had taken a Playstation 2, a Kodak digital camera, an iPod, and a Sony laptop computer. In his offense report, Isaman noted that the value of each of these items was $129, $100, $250, and $750, respectively, for a total value of $1,229.

That same day, Officer Isaman executed an affidavit requesting that an arrest warrant be issued for Gill for felony theft. In this affidavit, Isaman failed to mention the value of the items Nelson claimed Gill stole from her.

On April 21, 2009, the State filed a misdemeanor theft charge against Gill. Gill was eventually arrested on June 7, 2009, and posted bail the next day. He was later arraigned on June 24, 2009. Although his case was set for trial on November 10, 2009, it was continued to November 18, 2009, for an unknown reason. On November 12, 2009, Gill requested a continuance in order to allow time to obtain evidence from the State and to subpoena witnesses. The State did not object, and the trial was moved to February 3, 2010.

On February 3, 2010, the State moved to dismiss the case against Gill in order to refile the theft charge as a felony. The court granted the request.

On December 3, 2010, the State filed a felony theft charge against Gill. He was subsequently arrested on February 22, 2011, and posted bail that same day. Gill was arraigned on May 18, 2011.

On May 24, 2011, Gill filed a motion to dismiss the felony theft charge based upon alleged violations of his Sixth Amendment and statutory rights to a speedy trial. Notably, Gill argued that the time period during which the misdemeanor charge was pending and the time period during which no charges were pending should be considered as parts of the delay in bringing him to trial for constitutional and statutory speedy trial purposes. On June 2, 2011, the district court conducted a hearing on the motion. The court heard testimony from Alicia Caleb, Gill's probation officer in two unrelated cases, who stated that in November 2010, Gill notified her that he had changed addresses in Topeka. This was the extent of Caleb's testimony.

After receiving Caleb's testimony and documentary evidence from Gill reflecting the procedural history of the misdemeanor case, Gill's arrest for the felony theft charge, and Gill's release on bail, the district court heard arguments from the parties. Defense counsel again argued that the 10-month time period when no charges were pending against Gill should be considered as part of the delay in bringing Gill to trial for speedy trial purposes. Defense counsel also argued that there was no reason to justify the State's 10-month delay in filing the felony theft charge against Gill. Defense counsel concluded his argument with an assertion that the 10-month time period, along with other time periods chargeable to the State, constituted an unreasonable delay in prosecuting Gill for felony theft and that Gill had been prejudiced by being arrested twice, having to post bail twice, and by the fact that nearly 3 years had passed since the alleged crime occurred. Defense counsel noted that Nelson, the alleged victim, no longer lived at the apartment complex and that the defense did not know the names of any other witnesses to the crime.

In response, the State argued that the time period when no charges were pending against Gill should be excluded from consideration in determining the length of delay for speedy trial purposes. Furthermore, the State argued that Gill had failed to provide any facts to establish that he had been prejudiced by the State's delay in bringing him to trial for felony theft.

The district court ultimately granted Gill's motion to dismiss on the ground that Gill's constitutional right to a speedy trial had been violated. In reaching this conclusion, the district court determined that the time period when the misdemeanor charge was pending and the time period when no charges were pending against Gill should be considered as parts of the overall delay in bringing Gill to trial for the felony theft charge. The district court also determined that Gill had been prejudiced as a result of the delay in bringing him to trial.

## ANALYSIS

On appeal, the State argues that the district court erred when it concluded that Gill's Sixth Amendment right to a speedy trial was violated, resulting in the felony theft charge against Gill being dismissed.

### A. Standard of Review

Although the district court conducted an evidentiary hearing on Gill's motion to dismiss for speedy trial violations, the evidence presented at the hearing had no bearing on the district court's ultimate determination that Gill's motion should be granted. In other words, the district court's decision to grant the motion to dismiss did not turn on factual findings that were based on evidence presented at the hearing. Instead, the district court's decision to grant the motion was based entirely on documents now in the record and arguments made by the parties. Thus, this court is now in the same position as the district court to determine whether Gill's constitutional right to a speedy trial was violated. Accordingly, we review this issue—a question of law—independently without any required deference to the district court. See *State v. Hayden*, 281 Kan. 112, 126-27, 130 P.3d 24 (2006); *State v. White*, 275 Kan. 580, 598, 67 P.3d 138 (2003); *State v. Waldrup*, 46 Kan. App. 2d 656, 676, 263 P.3d 867 (2011).

### B. Constitutional Right to a Speedy Trial

The Sixth Amendment and § 10 of the Kansas Constitution Bill of Rights guarantee a criminal defendant the right to a public and speedy trial. Unlike the statutory speedy trial right, which attaches

at arraignment, the constitutional speedy trial right attaches at the formal charging or arrest, whichever occurs first. *State v. Rivera,* 277 Kan. 109, 112, 83 P.3d 169 (2004).

"The Sixth Amendment right to a speedy trial is . . . not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald,* 456 U.S. 1, 8, 102 S. Ct. 1497, 71 L. Ed. 2d 696 (1982).

In *Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), the United States Supreme Court announced a balancing test and identified factors for courts to consider in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated. These factors include: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his or her right, and (4) prejudice to the defendant. 407 U.S. at 530. None of the factors are controlling in determining whether a defendant's constitutional right to a speedy trial has been violated, but the factors must be considered together with such other circumstances as may be relevant. 407 U.S. at 533. We discuss each factor in turn.

### 1. Length of the Delay

The Supreme Court in *Barker* noted that the length of the delay in bringing a defendant to trial acts as a "triggering mechanism" for applying the remaining three factors. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. With regard to this particular factor, our Supreme Court has resisted setting rigid rules for what length of time is presumptively prejudicial, preferring to examine each delay in the context of the facts in that particular case. See *State v. Weaver,* 276 Kan. 504, 509, 78 P.3d 397 (2003) (" '[T]he delay in each case is analyzed according to its particular circumstances.' [Citation omitted.]"). Ac-

cordingly, the "tolerable delay for an ordinary crime is less than for a complex one." 276 Kan. at 511.

The facts of this case present two issues that must be resolved before determining whether the length of delay in bringing Gill to trial was presumptively prejudicial. First, we must determine whether the time period during which no charges were pending against Gill (*i.e.*, the time period between the dismissal of the misdemeanor theft charge on February 3, 2010, and the filing of the felony theft charge on December 3, 2010) should be considered in calculating the length of delay. Second, we must determine whether the time period when the misdemeanor charge was pending against Gill (*i.e.*, April 21, 2009, to February 3, 2010) should be considered in calculating the length of delay given the State did not refile this charge against Gill but instead filed a felony theft charge against him.

The outcome of the first issue is clearly controlled by the United States Supreme Court's decision in *MacDonald*. In that case, the defendant was indicted by the Army in May 1970 for murdering his wife and two children. In October 1970, the Army dismissed the charges. In December 1970, the defendant was honorably discharged, which terminated the Army's jurisdiction over him. At the request of the Justice Department, the Army continued to investigate the murders and eventually submitted reports to the Justice Department between June 1972 and August 1973. Following an evaluation of those reports, the Justice Department presented the matter to a grand jury in August 1974. In January 1975, the grand jury returned an indictment charging the defendant with the three murders. A jury ultimately found the defendant guilty of two counts of second-degree murder and one count of first-degree murder.

On appeal, the Fourth Circuit Court of Appeals held that the indictment violated the defendant's Sixth Amendment right to a speedy trial. The Supreme Court granted certiorari and reversed, concluding that the time period between the dismissal of the military charges and the later indictment in civilian court should not be considered at all in determining the length of delay in bringing the defendant to trial for Sixth Amendment speedy trial purposes. Specifically, the Supreme Court stated:

"Once charges are dismissed, *the speedy trial guarantee is no longer applicable.* At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation. Certainly, the knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life. This is true whether or not charges have been filed and then dismissed. This was true in [*United States v.*] *Marion,* [404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971),] where the defendants had been subjected to a lengthy investigation which received considerable press attention. But with no charges outstanding, personal liberty is certainly not impaired to the same degree as it is after arrest while charges are pending. After the charges against him have been dismissed, 'a citizen suffers no restraints on his liberty and is [no longer] the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer.' *United States v. Marion,* 404 U.S., at 321. Following dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation." (Emphasis added.) *MacDonald,* 456 U.S. at 8-9.

After determining that the time period when no charges were pending against the defendant should not be considered in determining whether his Sixth Amendment right to a speedy trial was violated, the Supreme Court analyzed the time period between the defendant's civilian indictment and eventual trial. In so doing, the Court noted that the defendant conceded that he had caused the majority of the delay during this time period by his "own legal maneuvers." 456 U.S. at 11. The Court ultimately held that—even if the defendant had not caused the delay—the total time period between the indictment and trial "was not sufficient to violate the Speedy Trial Clause." 456 U.S. at 11. Thus, the Supreme Court reversed the Fourth Circuit's decision holding that the defendant's constitutional speedy trial right was violated. 456 U.S. at 11.

As Gill notes in his brief, the *MacDonald* Court indirectly suggested that bad faith on the part of the prosecution in dismissing and refiling charges against a defendant could result in the time period between dismissal and refiling being considered as part of the delay in bringing the defendant to trial for speedy trial purposes. The *MacDonald* Court stated:

"[T]he Speedy Trial Clause has no application after the Government, *acting in good faith,* formally drops charges. *Any undue delay after charges are dismissed,*

*like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause."* (Emphasis added.) 456 U.S. at 7.

Later in the opinion, the *MacDonald* Court indicated in a footnote that the prosecution acts in "bad faith" when it dismisses charges in order to evade the Sixth Amendment's speedy trial guarantee. 456 U.S. at 10 n.12. The Court went on to note that there was "no allegation that the Army acted in bad faith in dismissing the charges" because the Army's decision to dismiss was based on the commanding general of the defendant's unit "following the recommendation of the Article 32 investigating officer" and concluding that the charges were untrue. 456 U.S. at 10 n.12.

Here, there is nothing in the record to indicate that the State dismissed the misdemeanor theft charge against Gill in order to evade enforcement of the Speedy Trial Clause. Instead, the record established—and Gill concedes—that the State dismissed the charge so it could file a felony theft charge against him. Based on *MacDonald*, the time period between the State's dismissal of the misdemeanor theft charge and the filing of the felony theft charge is not considered in a Sixth Amendment speedy trial analysis because, without a showing of bad faith on the part of the prosecution, the Speedy Trial Clause simply does not apply to time periods when no charges are pending and the defendant's freedom is not impaired by being incarcerated or released on bail. For these reasons, we conclude that the time period between February 3, 2010 (dismissal of the misdemeanor charge), and December 3, 2010 (filing of the felony theft charge), is not part of the delay in bringing Gill to trial for Sixth Amendment speedy trial purposes.

We now must determine whether it is proper to count the time period before the State dismissed the misdemeanor theft charge in this case. Notably, courts are split on whether to consider the time period between when charges are dismissed and then refiled as part of the delay in bringing a defendant to trial for constitutional speedy trial purposes. Some courts have concluded that a dismissal of the charges stops the constitutional speedy trial clock entirely and that when charges are refiled, the speedy trial clock begins anew (*i.e.*, the time period prior to dismissal is not considered as

part of the delay in bringing the defendant to trial). See, *e.g.*, *United States v. Wallace*, 848 F.2d 1464, 1469 (9th Cir. 1988); *Commonwealth v. Butler*, 79 Mass. App. 751, 756, 949 N.E.2d 936 (2011) (pet. for review pending); *Metoyer v. Scott*, 70 Fed. Appx. 524, 530, 2003 WL 21716429 (10th Cir. 2003) (unpublished), *cert. denied* 541 U.S. 907 (2004). Other courts have concluded that dismissal of charges merely tolls the constitutional speedy trial clock and that the time period before dismissal and the time period after charges are refiled constitute the applicable length of delay. See, *e.g.*, *United States v. Colombo*, 852 F.2d 19, 23-24 (1st Cir. 1988); *Humphrey v. State*, 185 P.3d 1236, 1244 (Wyo. 2008).

Notably, Kansas appellate courts have never explicitly decided this issue in the context of constitutional speedy trial calculations. In fact, Kansas appellate courts have never cited *MacDonald* or any other case addressing whether the time period between dismissal and refiling should be considered as part of the delay for constitutional speedy trial purposes. Notwithstanding an absence of cited authority, Kansas appellate courts repeatedly have calculated the length of delay for constitutional speedy trial purposes by counting the entire time period from when a defendant is first arrested or charged to the time the prosecution comes to an end in district court. See, *e.g.*, *State v. Jamison*, 248 Kan. 302, 306-07, 806 P.2d 972 (1991) (court considered 2 1/2-year period between defendant's arrest and district court's dismissal of charges as length of delay for constitutional speedy trial purposes without discounting interim, 10-month time period between State's dismissal and eventual refiling of charges); *State v. Hunt*, 8 Kan. App. 2d 162, 163, 167-68, 651 P.2d 967 (1982) (court considered 1-year time period between defendant's arrest and trial as length of delay for constitutional speedy trial purposes without discounting interim, 4-day time period between State's dismissal and eventual refiling of charges); *State v. Stumpf*, No. 103,196, 2011 WL 1877996, at *1, 4 (Kan. App. 2011) (unpublished opinion) (though court considered the over 16-month time period between defendant's arrest and trial as length of delay for constitutional speedy trial purposes, court acknowledged that 8 months of this time period included time between State dismissing and refiling charges; consequently,

court downplayed significance of the 8 months in its speedy trial analysis because no charges were pending during this time period).

Because there is a split in authority on whether the time period prior to charges being dismissed should be considered in a constitutional speedy trial analysis, we find it helpful to look at those Kansas cases that have addressed the same issue in applying Kansas' statutory speedy trial statute, K.S.A. 22-3402. See *State v. Warren*, 224 Kan. 454, 457, 580 P.2d 1336 (1978) (The purpose of K.S.A. 22-3402 is to implement and define the constitutional guarantee of a speedy trial.). In situations where the State has filed a charge, dismissed it, and then filed another charge, Kansas courts have held that the statutory speedy trial clock starts anew in the second case if the State dismissed the first case because of necessity *or* the charge in the second case is not identical to the charge that was previously dismissed. If, however, the first case was not dismissed because of necessity *and* the charge in the second case is identical to the charge dismissed in the first case, then courts will consider the dismissal of the first case as merely tolling the statutory speedy trial clock. Consequently, the days chargeable to the State in the first case will be added to the days chargeable to the State in the second case to determine whether the statutory time period has been surpassed. See *State v. Smallwood*, 264 Kan. 69, 75, 955 P.2d 1209 (1998); *Jamison*, 248 Kan. at 304; *State v. Ransom*, 234 Kan. 322, Syl. ¶ 1, 673 P.2d 1101 (1983), *cert. denied* 469 U.S. 818 (1984); *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 278, 589 P.2d 626 (1979); *State v. Clemence*, 36 Kan. App. 2d 791, 798, 145 P.3d 931 (2006), *rev. denied* 283 Kan. 932 (2007); *Hunt*, 8 Kan. App. 2d at 167.

Based on *MacDonald* and the cases cited above applying K.S.A. 22-3402, we hold, as a matter of first impression, that when the State dismisses a charge and files another one, the constitutional speedy trial clock will start anew in the second case if the State dismissed the first case because of necessity *or* the charge in the second case is not identical to the charge that was previously dismissed. If, however, the first case was not dismissed because of necessity *and* the charge in the second case is identical to the charge previously dismissed, then the dismissal of the first case will

be construed as merely tolling the constitutional speedy trial clock. Accordingly, the time period before dismissal and the time period after the charge was reinstated will constitute the applicable length of delay for constitutional speedy trial purposes.

Applying this legal principle to the facts here, the record shows that on February 3, 2010, the State dismissed the misdemeanor theft charge against Gill so it could file a felony theft charge against him. On December 3, 2010, the State filed a felony theft charge against Gill. Even if the State's decision to dismiss was not necessary, the State did not refile the misdemeanor theft charge against Gill but instead filed a felony theft charge. Because this charge was different from the misdemeanor charge that was originally filed against Gill, the constitutional speedy trial clock was reset once the State filed the felony theft charge against Gill. As such, the length of delay in this case for constitutional speedy trial purposes runs from December 3, 2010, the date the State filed the felony theft charge against Gill, to June 2, 2011, when the district court dismissed the charge against Gill due to a violation of his constitutional right to a speedy trial. We find that the duration of this time period—approximately 6 months— is not presumptively prejudicial; thus, we are not required to consider the other factors that go into the balance. But because a review of the remaining *Barker* factors offers further support for our holding, we will briefly discuss them.

### 2. Reason for the Delay

In *Barker*, 404 U.S. at 531, the Supreme Court stated that "different weights should be assigned to different reasons" for the delay in bringing a defendant to trial:

"A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay."

On December 3, 2010, the State charged Gill with felony theft. On February 22, 2011, Gill was arrested and released on bail. On May 18, Gill was arraigned on the felony theft charge, and on May

24, he filed his motion to dismiss based on statutory and constitutional speedy trial grounds. The district court conducted a hearing on the motion on June 2, 2011, where it pronounced from the bench that the felony theft charge against Gill was dismissed as a result of the State violating Gill's constitutional right to a speedy trial.

There are no facts in the record to support a finding that the State delayed in moving the felony theft case forward in order to hamper Gill's defense. Accordingly, this factor weighs in favor of the State.

### 3. Gill's Assertion of His Constitutional Right to a Speedy Trial

Gill asserted his constitutional right to a speedy trial when he filed his motion to dismiss on May 24, 2011. This factor weighs in favor of Gill.

### 4. Prejudice to Gill

As for the final factor—prejudice to the defendant—the Sixth Amendment right to a speedy trial was designed to (1) prevent oppressive pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limit the possibility the defense will be impaired. *Barker*, 407 U.S. at 532.

Here, Gill was arrested on February 22, 2010, for the felony theft charge and was released that same day after posting bail. Thus, it does not appear that Gill suffered from oppressive pretrial incarceration. Gill claims he suffered from anxiety and concern during the time no charges were pending against him because he was aware that the State would eventually file a felony theft charge against him. But the Supreme Court noted in *MacDonald* that once charges are dismissed, "the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation." 456 U.S. at 8-9. Consequently, the anxiety and concern that Gill may have felt while waiting for the State to file a felony theft charge against him does not constitute prejudice under the Sixth Amendment's Speedy Trial Clause. Finally, Gill claims that his defense was impaired by the State's delay in charging him with felony theft. Although defense counsel offered summary assertions at the motion

hearing, claiming that Gill's defense had been impaired, Gill did not present any evidence to the district court to establish that his defense was prejudiced by the State's delay in filing the felony theft charge. See *State v. Cole*, 37 Kan. App. 2d 633, 637, 155 P.3d 739 (2007) ("Statements of counsel are not evidence."). Regardless, the *MacDonald* Court explicitly stated that "[a]ny undue delay after charges are dismissed, like any delay before charges are filed, *must be scrutinized under the Due Process Clause, not the Speedy Trial Clause.*" (Emphasis added.) 456 U.S. at 7. Accordingly, the prejudice factor weighs in favor of the State.

Applying the *Barker* factors to the facts here, we find only one factor weighs in favor of Gill—he asserted his right to a speedy trial. The applicable length of delay—6 months—is relatively short and does not appear to be presumptively prejudicial. There is no evidence showing that (1) the State intentionally sought to delay bringing Gill to trial for felony theft; (2) Gill was subjected to oppressive pretrial incarceration; (3) Gill experienced undue anxiety and concern during the 6-month period of time that the felony theft charge was pending; or (4) Gill's defense was impaired in any way while the felony theft charge was pending. For these reasons, we find no constitutional speedy trial violation occurred in this case.

## C. Due Process

In the event this court would find that he was not denied his constitutional right to a speedy trial, Gill briefly argues on appeal that the district court's decision to dismiss the felony theft charge alternatively may be affirmed on grounds that the State's delay in filing the felony theft charge against him violated his Fifth Amendment due process right to a reasonably timely prosecution.

In *United States v. Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971), the United States Supreme Court recognized that a relationship existed between the requirements of due process under the Fifth Amendment to the United States Constitution and inordinate delay in charging a defendant with a crime. 404 U.S. at 324. In *State v. Royal*, 217 Kan. 197, 201, 535 P.2d 413 (1975), the Kansas Supreme Court explained the relationship:

"The *Marion* case rests on the proposition that due process rights may be said to have been denied by reason of preaccusation delay, where it is shown that *actual prejudice* resulted to the defendant in his [or her] ability to conduct his [or her] defense and that the government intentionally delayed prosecution to gain a tactical advantage over him [or her]." (Emphasis added.)

The *Royal* court identified two questions that must be considered in assessing whether there has been an impermissible encroachment on due process rights: (1) Has the delay prejudiced the defendant's ability to defend against the criminal charge? (2) Was the delay in charging the defendant a tactical device used by the State to gain advantage over the defendant? Both questions must be answered affirmatively before criminal charges will be dismissed based upon a violation of due process rights. 217 Kan. at 202. Notably, the *Royal* court stated that "[t]he possibilities of prejudice inherent in extended delay in the filing of charges are not of themselves sufficient to demonstrate that the accused cannot receive a fair trial." 217 Kan. 197, Syl. ¶ 3.

As we already found above, Gill failed to present any evidence at the hearing on his motion to dismiss to establish that he suffered actual prejudice to his defense from the State's delay in filing the felony theft charge against him. Based on the statements of counsel—which, again, are not evidence, see *Cole*, 37 Kan. App. 2d at 637—the district court assumed that the delay in filing the felony theft charge would cause prejudice to Gill. This assumption by the district court is simply not sufficient to justify dismissing charges against Gill under the Fifth Amendment's Due Process Clause. Additionally, Gill failed to establish, and the record on appeal does not support a finding, that the State intentionally delayed in filing the felony theft charge in order to gain a tactical advantage over Gill. Accordingly, we are not persuaded by Gill's Fifth Amendment due process argument as an alternative reason for affirming the district court's decision to dismiss the felony theft charge.

Reversed and remanded with directions to reinstate the felony theft charge.